# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIE CUNNINGHAM,

  Petitioner,    Case No. 3:05-cv-208

           District Judge Thomas M. Rose
 -vs-           Chief Magistrate Judge Michael R. Merz

ROB JEFFRIES, Warden,

  Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action under 28 U.S.C. §2254, filed originally in the United States District Court for the Northern District of Ohio, the judicial district where Petitioner is confined, and then transferred to this Court. Magistrate Judge Abel then transferred the case to the Dayton location of court because that location serves Miami County, which is where the conviction occurred. See S. D. Ohio Civ. R. 82.1(f). The case is before the Court for initial consideration under the Rules Governing §2254 Cases.

Petitioner presents three grounds for relief:

> **Ground One:** The manifest weight of the evidence is against the conviction when the State failed to prove beyond a reasonable doubt that the evidence is sufficient to sustain a conviction. The Petitioner's conviction is based on insufficient evidence that constitutes a denial of due process.
>
> **Ground Two:** Petitioner was denied the effective assistance of appellate counsel when counsel failed to appeal the suppression hearing on appeal of right.

-1-

> **Ground Three:** The trial court erred to the prejudice of the Petitioner when it refused to suppress the fruits of a vehicle search based upon a finding that an allegation of a drug dog alerting on a motor vehicle provides probable cause to search the vehicle for illicit drugs.

(Petition, Doc. No. 5-1, at 5-7.)

## Procedural History

Petitioner was convicted on April 11, 2002, in the Miami County Common Pleas Court of possession of in excess of one kilogram (1000 grams) of cocaine. He appealed to the Miami County Court of Appeals, raising one assignment of error, to wit, that the conviction was against the manifest weight of the evidence. That court affirmed the conviction, *State v. Cunningham*, 2003 Ohio App. LEXIS 979 (Ohio App. 2d Dist. March 7, 2003), and the Ohio Supreme Court denied appeal on July 2, 2003. *State v. Cunningham,* 99 Ohio St. 3d 1453 (2003).

Petitioner filed two applications to reopen his appeal under Ohio App. R. 26. In the first he raised the claim he makes in his second Ground for Relief; it was denied June 9, 2003. The second was an application for delayed reopening filed under Ohio App. R. 26(B) and denied on June 29, 2004, because it was untimely filed.

The Petition in this case was filed in the Northern District on January 10, 2005.

## Analysis

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion

>of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, but may not *sua sponte* cure a waiver of the defense. *Scott v. Collins*, 286 F. 3d 923 (6th Cir. 2002).

Petitioner's appeal was final in the Ohio Supreme Court on July 2, 2003. Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires which is ninety days after judgment. *Isham v. Randle*, 226 F. 3d 691, 694-95 (6th Cir. 2000). Therefore this case became final on September 30, 2003, and any petition for writ of habeas corpus had to be filed not later than one year later, October 1, 2004. The Petition here, of course, was not filed until January 10, 2005.

As noted above, 28 U.S.C. §2244(d)(2) tolls the statute of limitations for any period during which a properly filed collateral relief petition is pending. However, Petitioner's Ohio App. R.

26(B) application was not properly filed within the meaning of the statute because it was not timely filed.  *Pace v. DiGuglielmo*, ___ U.S. ___, 125 S. Ct. 1807 (2005).

Therefore the Petition in this case should be dismissed with prejudice as barred by the statute of limitations.

June 7, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).